**James Harold WILMER, Jr., Plaintiff,**

v.

**BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY, KANSAS, Defendant.**

**Civ. A. No. 91–2265–GTV.**

United States District Court, D. Kansas.

Oct. 8, 1993.

---

Arthur R. Stirnaman, Chapman, Waters & Baxter, John L. White, Law Offices of John L. White, Leavenworth, KS, for plaintiff.

Robert D. Beall, Davis, Beall, McGuire & Thompson, Chtd., David C. VanParys, County Counselor, Leavenworth, KS, for defendant.

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Before the court are the motions of defendant Board of County Commissioners of Leavenworth County, Kansas, for a new trial pursuant to Fed.R.Civ.P. 59(a) (Doc. 116) and to strike plaintiff's response to the motion for new trial (Doc. 119). For the reasons stated below, the motions are denied.

This is a diversity of citizenship personal injury action brought against defendant by plaintiff James Harold Wilmer, Jr. Plaintiff alleged that on March 26, 1989, he was injured in a motorcycle accident at a curve on County Road 21 located in Leavenworth County, Kansas. He alleged that defendant's negligent maintenance and placement of a warning sign at a curve on County Road 21 was the proximate cause of both the accident and his injuries. Defendant countered that plaintiff's own negligence was the proximate cause of the accident and his injuries.

Plaintiff's action was tried to a jury for a third time from August 16 to August 20, 1993. After deliberating, the jury returned a verdict in favor of plaintiff. The jury found plaintiff to have been 35% at fault and defendant to have been 65% at fault. The jury also found plaintiff to have suffered a total of $982,242.00 in damages, yielding a judgment in the amount of $638,457.30.

### I. MOTION TO STRIKE PLAINTIFF'S RESPONSE

Defendant filed its motion for new trial on August 30, 1993, and plaintiff filed a response on September 11, 1993. Defendant argues, by its motion filed on September 21, 1993, that plaintiff's response was not filed timely and should be stricken, and that the court should treat defendant's motion for new trial as an unopposed motion pursuant to D.Kan. Rule 206(g).

Local rules require that a "party opposing a motion other than one to dismiss or for summary judgment shall, within ten days after service of the motion upon it, file an original and one copy with the clerk and serve upon all other parties a written response to the motion ..." D.Kan. Rule 206(b). Defendant contends that plaintiff's response should be stricken because it was filed more than ten days after plaintiff was served with the motion for new trial.

Defendant is clearly in error in its interpretation of the applicable time limits. While a local rule may prescribe the number of days within which a filing must be made, the rules for computing time periods are found in the Federal Rules of Civil Procedure. Rule 6 specifically states that the method of computation described in that rule applies to local district court rules. Fed. R.Civ.P. 6(a) ("In computing any period of time prescribed or allowed by these rules, *by the local rules of any district court* ...") (emphasis added). *See also* Fed.R.Civ.P. 6(a) advisory committee's note to 1963 Amendment ("The wording of the first sentence of Rule 6(a) is clarified and *the subdivision is made expressly applicable to computing periods of time set forth in local rules.*") (emphasis added).

Rule 6(a) provides that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the com-

putation." Since the time limit for responding to this motion is 10 days, Saturdays, Sundays, and legal holidays are excluded. As a result, plaintiff's time for responding to the motion did not expire until September 14, 1993, one day after his response was filed.

Defendant's motion to strike plaintiff's response is denied.

## II. MOTION FOR NEW TRIAL

■ Motions for new trial are committed to the sound discretion of the trial court. *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984); *Brownlow v. Aman,* 740 F.2d 1476, 1491 (10th Cir.1984). In reviewing a motion for new trial the court must view the evidence in the light most favorable to the prevailing party. *Joyce v. Davis,* 539 F.2d 1262 (10th Cir.1976). Moreover, the court should "exercise judgment in preference to the automatic reversal for 'error' and ignore errors that do not affect the essential fairness of the trial." *McDonough Power Equipment, Inc.,* 464 U.S. at 553, 104 S.Ct. at 848. No error in the admission or exclusion of evidence, and no error in ruling or order of the court or anything done or omitted by the court can be grounds for granting a new trial unless the error or defect affects the substantial rights of the parties. *Rasmussen Drilling, Inc. v. Kerr-McGee Nuclear Corp.,* 571 F.2d 1144, 1148–49 (10th Cir.), *cert. denied,* 439 U.S. 862, 99 S.Ct. 183, 58 L.Ed.2d 171 (1978); Fed. R.Civ.P. 61. "The party seeking to set aside a jury verdict must demonstrate trial error which constitutes prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.,* 710 F.2d 1442, 1443 (10th Cir.1983).

Defendant presents six arguments in support of its motion for a new trial. These will be addressed individually in the following discussion.

### A. Jury instruction regarding Kansas law on county's duty

■ Defendant contends that jury instruction Number 18 was improper because it did not accurately state Kansas law with regard to the duties of local authorities, and because it called undue attention to sections of the Manual on Uniform Traffic Control Devices for Streets and Highways (MUTCD). Defendant argues that its requested instruction based on K.S.A. 8–2005 regarding the duties of local authorities in maintaining traffic control devices should have been used.

K.S.A. 8–2005 provides that local authorities have responsibility for placing and maintaining traffic control devices on highways under their jurisdiction, and that "[a]ll such traffic-control devices hereafter erected shall conform, to the state manual and specifications." K.S.A. 8–2005. The legislature has delegated to the secretary of transportation the duty to adopt such a manual and specifications. K.S.A. 8–2003. The secretary has adopted the MUTCD published by the United States Department of Transportation to provide the guidance for state and local authorities. *See Finkbiner v. Clay County,* 238 Kan. 856, 860, 714 P.2d 1380 (1986); *Carpenter v. Johnson,* 231 Kan. 783, 649 P.2d 400 (1982).

The jury instruction in question correctly recounted the Kansas statutory provisions just described. In addition, the instruction contained some specific references from the MUTCD regarding the placement and design of warning signs. As pointed out by plaintiff, the entire MUTCD manual had been admitted into evidence after being offered by plaintiff without objection. To have not directed the jury to specific portions of the manual applicable to plaintiff's claims "would have invited a fishing expedition into the manual without the aid of expert interpretative testimony."

The court finds that jury instruction Number 18 correctly stated the applicable Kansas law and appropriately pointed out to the jury those relevant sections of the MUTCD manual.

### B. Denial of motion to strike plaintiff's expert witness due to his presence during the testimony of another witness

■ The second issue raised by defendant is that Dr. John Glennon, an expert witness used by plaintiff at trial, was allowed to testify during the trial over defendant's ob-

jection. Defendant claims that Dr. Glennon was present in the courtroom during the testimony of Mr. Ron Bacon, another witness for plaintiff, in violation of the court's Rule 615 order. *See* Fed.R.Evid. 615. Defendant has submitted an affidavit by Leavenworth County Board of County Commissioners' Chairman Louis A. Klemp, Jr., to support its allegation. In rebuttal, plaintiff has submitted an affidavit by Dr. Glennon stating that he was not present in the courtroom during any other witness' testimony.

■ Defendant has not established that a violation of Rule 615 occurred. Even if we assume that there was a violation, defendant still has not shown that the violation resulted in any prejudice or harm to defendant. In fact, Dr. Glennon's testimony and that of Mr. Bacon, a surveyor, had little to do with each other. A new trial is not warranted if no prejudice resulted from the violation of the rule. *United States v. Miller,* 499 F.2d 736, 742 (10th Cir.1974).

### C. Denial of objection to allowing a non-party witness remain at plaintiff's counsel table

■ Defendant next claims that the court erred in allowing plaintiff's mother, Ms. Lillian Wilmer, to sit at counsel table during part of the trial and later to testify after having heard the testimony of other witnesses.

The decision to allow plaintiff's mother to sit at counsel table is clearly within the court's discretion. Further, allowing her to testify was not in violation of Rule 615 which does not apply to "a person whose presence is shown by a party to be essential to the presentation of the party's cause." Fed.R.Evid. 615. Here, the plaintiff was unable to attend the trial due to his medical condition. There was a sufficient basis for finding that the mother's presence was necessary to assist in presenting the plaintiff's case. Finally, defendant has presented no evidence or theory as to how the court's decision has prejudiced or harmed it.

### D. Denial of objection to testimony regarding plaintiff's recent illness

■ Defendant next contends that the court improperly allowed, over defendant's objection, plaintiff's mother to testify as to plaintiff's current condition and the reason for his inability to appear at trial. Defendant claims that the testimony was irrelevant, served to evoke undue passion and sympathy from the jury, and was prejudicial to defendant.

Plaintiff's mother testified only briefly about the reason that her son was unable to be present at trial. Defendant has not demonstrated that any possible unfair prejudice that resulted from this testimony substantially outweighed its probative value. Fed.R.Evid. 403.

### E. Denial of defendant's motion to allow testimony of defendant's designated expert witness

■ Prior to trial the court denied defendant's motion to allow the testimony of defendant's previously identified expert witness, Dr. Gary Thompson. The court had previously disqualified this witness from testifying at the first trial, in May, 1992, after finding that defendant made an inadequate certification and representation of the information required by Fed.R.Civ.P. 26(b)(4)(A)(i) pertaining to expert witnesses expected to be called at trial. This witness was not offered to testify at the second trial. Defendant argues that since, by the time of the third trial, over one year had elapsed since plaintiff received this witness' report and deposed him, that the witness should now be allowed to testify.

The mere passage of time does not change the fact that this witness was disqualified because of the defendant's failure to adhere to the requirements of the Federal Rules of Civil Procedure and the scheduling order issued by the court in conducting discovery concerning its expert witnesses. Additional discovery was not conducted prior to the third trial, and no circumstances had changed that would warrant the court to change its prior ruling disqualifying this witness.

### F. Denial of defendant's motion for judgment as a matter of law

Finally, defendant argues that the court erred in failing to grant its motion for a

**170**

judgment as a matter of law, Fed.R.Civ.P. 50(a), at the close of evidence. Defendant argued that plaintiff failed to present evidence establishing that the MUTCD was controlling at the time the defective sign was installed. As a result, defendant contended that plaintiff had failed to establish a prima facie case under K.S.A. 8–2005.

The motion for judgment as a matter of law was properly denied. There was sufficient evidence submitted from which the jury could conclude that the defendant had breached its duty to maintain its highway in a reasonably safe condition.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion to strike plaintiff's response to the motion for new trial (Doc. 119) is denied.

IT IS FURTHER ORDERED that defendant's motion for new trial (Doc. 116) is denied.

Copies of this Memorandum and Order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**